In re the Paternity of Danielle L.G.:

Barbara R.K., Petitioner-Appellant,

v.

James G., Respondent-Respondent.

Court of Appeals

*No. 01–1219. Submitted on briefs November 19, 2001.—Decided January 3, 2002.*

2002 WI App 47

(Also reported in 641 N.W.2d 175.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Miller & Miller*, River Falls.

On behalf of the respondent-respondent, the cause was submitted on the brief of *John R. Shull, Jr.* of *Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

On behalf of Danielle L.G., the cause was submitted on the brief of *John Halloran Heide* of *Everson, Whitney, Everson & Brehm, S.C.*, Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.    Barbara R.K. appeals an order modifying custody and placement of her child in a post-judgment paternity action. She claims the circuit court erred by denying her request for substitution of judge. She argues that: (1) a timely filed judicial substitution request is not rendered void by failing to

mail a copy of the request to the named judge; (2) review by the chief judge is not required to preserve the issue for appeal; and (3) a subsequent stipulation resolving contested issues does not waive the right to appeal the denial of a request for substitution of judge. We conclude that review by the chief judge under Wis. Stat. § 801.58(2) is a necessary prerequisite to appeal a denial of a request for substitution of judge. Because Barbara did not seek review by the chief judge, we affirm the order.[1]

## BACKGROUND

¶ 2. This case arises out of motions to modify a paternity judgment with respect to custody and placement of Danielle L.G., the child of Barbara R.K. and James G. Before the family court commissioner, the parties stipulated to everything except summer placement, transportation and medical expenses. On May 22, 2000, the commissioner decided the unresolved issues. James then sought review in circuit court. Judge Warpinski was assigned to hear the case.

¶ 3. On July 27, 2000, Barbara filed a request for substitution of judge pursuant to Wis. Stat. § 801.58(1). The judge denied her request because he did not receive a copy of the request and there was no showing that a copy had been mailed to him as required by the statute. The judge did give Barbara an opportunity to file an affidavit to establish the mailing. However, Barbara never filed the affidavit. Barbara did not seek review by the chief judge of the denial of her request for substitution.

---

[1] Because our resolution of this issue is dispositive of the appeal, we need not address the other arguments. *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

¶ 4. On February 7, 2001, the circuit court held a hearing. Barbara and James stipulated to all the issues. They agreed that Barbara would be awarded sole custody. They also agreed to the extensive placement recommendations of the guardian ad litem. The circuit court approved the stipulation and entered an order amending the judgment. Barbara then appealed.

## STANDARD OF REVIEW

¶ 5. This case involves the interpretation of WIS. STAT. § 801.58(2). Statutory interpretation and the application of a statute are questions of law that we review independently of the circuit court. *State v. Schmitt*, 145 Wis. 2d 724, 729–30, 429 N.W.2d 518 (Ct. App. 1988).

## DISCUSSION

¶ 6. James argues that Barbara waived her right to appeal because she failed to comply with WIS. STAT. § 801.58(2), which provides for chief judge review of a denial of a request for substitution of judge. Barbara contends that review by the chief judge is not mandatory because the statute states that a denial of a request for substitution "may" be reviewed by the chief judge.

¶ 7. WISCONSIN STAT. § 801.58(1) allows any party in a civil action to substitute the assigned judge. As initially relevant, the statute provides:

> Any party to a civil action or proceeding may file a written request, signed personally or by his or her attorney, with the clerk of courts for a substitution of a new judge for the judge assigned to the case. The

> written request shall be filed preceding the hearing of any preliminary contested matters. . . . If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment. . . .

When Barbara received notice that Judge Warpinski had been assigned to the case, her attorney filed a written request for a substitution of a new judge with the clerk of court. Her request was timely and made before any hearings were held. Thus it is undisputed that, to this extent, the request was proper.

¶ 8. WISCONSIN STAT. § 801.58(1) concludes, "Upon filing the written request, the filing party shall forthwith mail a copy thereof to all parties to the action and to the named judge." Barbara did not comply with this provision.

¶ 9. WISCONSIN STAT. § 801.58(2) deals with the procedural requirements for approving or denying a request for substitution of judge: "When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form." Here, Judge Warpinski determined that the request was timely but, because he did not receive a copy of the substitution request, it was not in proper form. He therefore denied the request. The statute then provides:

> If the judge named in the substitution request finds that the request was not timely and in proper form, that determination may be reviewed by the chief judge of the judicial administrative district . . . if the party who made the substitution request files a written

request for review with the clerk no later than 10 days after the determination by the judge named in the request.

WIS. STAT. § 801.58(2). Barbara did not avail herself of review by the chief judge.

¶ 10. Barbara contends that the chief judge review is discretionary because the statute says Judge Warpinski's determination "may" be reviewed. However, the full context reads that the determination may be reviewed "if the party who made the substitution request files a written request for review" within the time provided. In other words, the chief judge may only review the denial if Barbara timely requests a review. The chief judge may not review the denial if Barbara fails to request review. "May" is tied to the time limitation for requesting review. It is analogous to a statute of limitation. If Barbara wanted review of the denial of her request for substitution, she had to do so within the time allowed. By not doing so, she waived review.

¶ 11. Chief judge review promotes judicial economy and efficiency. *State ex rel. James L.J. v. Circuit Court*, 200 Wis. 2d 496, 504, 546 N.W.2d 460 (1996). When a substitution of judge request is denied, the review affords a quick redress. It also provides a way to correct error before further proceedings are conducted. Otherwise, both parties would be forced to expend time and resources participating in a court proceeding that would have to be repeated after reversal on appeal. The courts would similarly duplicate use of their resources. Finally, chief judge review will reduce the number of appeals. When the chief judge overrules an improper denial of a request for substitution, an appeal issue is eliminated.

¶ 12. The public policy of this state encourages economic and efficient use of judicial resources for the benefit of the parties and the public. *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 171–72, 477 N.W.2d 65 (Ct. App. 1991). This is especially apparent in a case involving child custody and placement. The request for substitution was filed in July 2000. A review by the chief judge could potentially have resolved the issue in August. Instead, the issue is now before this court a year and a half later. This kind of delay is detrimental to the child as well as the parents.

¶ 13. Barbara's interpretation has another unacceptable consequence. It would allow her to test the judicial waters by proceeding with the circuit court action, awaiting the result, then appealing if she is dissatisfied. Or, even worse and as apparently happened here, she could settle her dispute, stipulate to an order, then change her mind and appeal.

¶ 14. We view the chief judge review procedure as analogous to exhaustion of administrative remedies. It is well settled that where a method of review is prescribed by statute and adequate relief may be obtained through the review procedure, the pursuit of administrative relief is a prerequisite to judicial review. *Jackson County Iron Co. v. Musolf*, 134 Wis. 2d 95, 102, 396 N.W.2d 323 (1986). The exhaustion doctrine promotes judicial efficiency by allowing conflicts to be resolved at the administrative level without resort to litigation.

¶ 15. Here, Wis. Stat. § 801.58(2) provides an avenue to facilitate review of denials of requests for substitution of judge. That avenue must be pursued in order to preserve the issue on appeal. If Barbara

wanted to appeal the denial of her request for substitution, she was required to seek review by the chief judge. Since she did not, she has waived her right to appeal.

*By the Court.*—Order affirmed.