In re the Termination of Parental Rights to Prestin T.B., a Person Under the Age of 18:

State of Wisconsin ex rel. Julie A.B., Petitioner,

v.

Circuit Court for Sheboygan County, the Honorable John B. Murphy, presiding, Prestin T.B., a child under 18 years of age, and Pat Prigge, Sheboygan County Department of Health and Human Services, Respondents.

Court of Appeals

*No. 02–1479–W. Submitted on briefs June 20, 2002.—Decided July 17, 2002.*

2002 WI App 220

(Also reported in 650 N.W.2d 920.)

On behalf of the petitioner, the cause was submitted on the petition of *Roberta A. Heckes* of Adell.

On behalf of the respondents, the cause was submitted on the brief of *Robert J. Wells*, district attorney of Sheboygan, and *James P. Van Akkeren*, assistant district attorney of Sheboygan.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. This is a termination of parental rights (TPR) case.[1] The issue is whether more than one substitution of judge is allowed in a termination of parental rights proceeding. Julie A.B., the

---

[1] This appeal was originally a one-judge appeal; it was converted to a three-judge panel by order of the Chief Judge of the Court of Appeals. WIS. STAT., RULE 809.41(3) (1999–2000). All statutory references are to the 1999–2000 version unless otherwise noted.

mother of the minor child, filed a substitution of judge request and obtained the assignment of a new judge for the judge originally assigned. Later, the guardian ad litem (GAL) for the minor child filed a substitution request and obtained the assignment of yet another judge. Julie challenged this assignment, contending that WIS. STAT. § 48.29(1), the statute governing judicial substitutions in TPR proceedings, allows but one substitution of judge. The currently assigned judge rejected Julie's challenge.

¶ 2. Julie has petitioned this court for a supervisory writ and temporary relief pursuant to WIS. STAT. RULES 809.51 and 809.52. She requests that we disqualify the currently assigned circuit judge and order that the matter be heard by the previously assigned circuit judge. Like the circuit court, we reject Julie's request. We conclude that WIS. STAT. § 48.29(1) permits more than one party to file a request for a substitution of judge in a TPR proceeding. We therefore deny Julie's petition for a supervisory writ.

### Background

¶ 3. The facts are not in dispute.[2] The Sheboygan County Department of Health and Human Services filed a petition seeking the termination of Julie's parental rights to Prestin T.B. pursuant to WIS. STAT. § 48.415(2) on grounds of Prestin's continuing

---

[2] We note that the documents underlying the statement of facts are included in the parties' appendices to their briefs but are not part of the appellate record. Because the parties appear to concede the genuineness of the documents attached to the briefs, we will consider them as part of the appellate record. *See Kox v. Ctr. for Oral and Maxillofacial Surgery, S.C.*, 218 Wis. 2d 93, 97 n.5, 579 N.W.2d 285 (Ct. App. 1998).

need of protection or services. The case was assigned to Judge Gary Langhoff. Julie filed a timely request for substitution of Judge Langhoff, and the matter was assigned to Judge James Bolgert. Thereafter, Prestin's GAL filed a request for substitution of Judge Bolgert, and the matter was assigned to Judge John B. Murphy.[3] That same day, Julie filed a motion objecting to the GAL's substitution request based on the language of WIS. STAT. § 48.29(1) which provides that "[n]ot more than one such written request [for substitution] may be filed in any one proceeding." Julie argued that "[t]he statute does not indicate that not more than one request per party is permitted, but instead limits the requests to 'not more than one.' "

¶ 4. Following a hearing, Judge Murphy issued a written order denying Julie's motion based on a determination that "the proper interpretation of [WIS. STAT. §] 48.29(1) would be to prohibit a single party from filing more than one request for substitution of judge in an action and not limiting the total number of substitutions filed by the parties in an action to one such request."

¶ 5. Julie followed with the instant petition for a supervisory writ and temporary relief. We stayed further proceedings before Judge Murphy pending our opinion.

## Discussion

■■■■■■

¶ 6. The issue in this case turns upon the interpretation and application of WIS. STAT. § 48.29(1). An issue of statutory interpretation presents a question of

---

[3] The chief judge, acting through the court administrator, made the assignments of Judge Bolgert and Judge Murphy.

law, which we review de novo. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *Id.* If the words of the statute convey the legislative intent, that ends our inquiry. *Id.* However, if the language of the statute is ambiguous or unclear, the court examines the scope, history, context, subject matter, and object of the statute in order to ascertain the intent of the legislature. *Id.* at 256. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *Id.* Whether a statute is ambiguous is a question of law. *State v. Peterson*, 2001 WI App 220, ¶ 13, 247 Wis. 2d 871, 634 N.W.2d 893.

¶ 7. WISCONSIN STAT. § 48.29(1) governs the substitution of judges in TPR proceedings. It provides in its entirety:

> The child, the child's parent, guardian or legal custodian, the expectant mother or the unborn child by the unborn child's guardian ad litem, either before or during the plea hearing, may file a written request with the clerk of the court or other person acting as the clerk for a substitution of the judge assigned to the proceeding. Upon filing the written request, the filing party shall immediately mail or deliver a copy of the request to the judge named in the request. When any person has the right to request a substitution of judge, that person's counsel or guardian ad litem may file the request. Not more than one such written request may be filed in any one proceeding, nor may any single request name more than one judge. This section does not apply to proceedings under s. 48.21 or 48.213.

Sec. 48.29(1).

¶ 8. The parties dispute the meaning of the phrase "[n]ot more than one such written request may

be filed in any one proceeding." Julie contends, based on this language, that only one request for substitution may be filed per proceeding. Both the County and Prestin's GAL contend that this language, when read in the context of the entire statute, reflects the legislative intent to provide each party no more than one request for substitution in a single TPR proceeding.

¶ 9. We begin by concluding that reasonably well-informed persons could interpret the language of Wis. Stat. § 48.29(1) to support the position of either party. The statute does not explicitly state whether more than one party may request a substitution of judge. As such, we hold that the statute is ambiguous. We therefore turn to the scope, history, context, subject matter, and object of the statute in order to ascertain the intent of the legislature. *Isaac J.R.*, 220 Wis. 2d at 256. For the reasons set forth below, we conclude that the language of § 48.29(1), taken in context and read as a whole, reflects the legislative intent that more than one party may file such a request.[4]

¶ 10. Turning first to the context of Wis. Stat. § 48.29, we observe that a TPR proceeding is generally subject to the rules of civil procedure. *Door County DHFS v. Scott S.*, 230 Wis. 2d 460, 465, 602 N.W.2d 167 (Ct. App. 1999). However, recognizing the importance of parental rights, the legislature has set up a panoply of substantive rights and procedures to assure that parental rights will not be terminated precipitously, arbitrarily, or capriciously. *State v. Frederick H.*, 2001 WI App 141, ¶ 17, 246 Wis. 2d 215, 630

_____

[4] We note that our examination of the legislative history of Wis. Stat. § 48.29 revealed nothing pertaining to the issue on appeal.

N.W.2d 734. The legislature's enactment of § 48.29 indicates its specific intent to provide the right to request substitution in TPR proceedings pursuant to § 48.29. As we have noted, however, the statutory language is unclear as to whether the legislature intended to provide but one request per TPR proceeding or whether it intended to provide one request per party in a TPR proceeding.

██

¶ 11. In ascertaining the legislature's intent, we may look to related statutes for guidance in determining its intended application of a given statute. *State v. McKee*, 2002 WI App 148, ¶ 13, 256 Wis. 2d 547, 648 N.W.2d 34. In looking to the civil and criminal substitution statutes, we are satisfied that the legislature intended to provide each party in a TPR proceeding with an opportunity to request substitution.

¶ 12. The substitution statute in civil proceedings unambiguously permits more than one party to file a request for substitution; it provides that any party may file a request for substitution, however, "no party may file more than one such written request in any one action, nor may any single such request name more than one judge." WIS. STAT. § 801.58(1), (3).[5] While the language of § 801.58 is very similar to that of WIS.

---

[5] We note that the civil statute, WIS. STAT. § 801.58(3), additionally provides that "[f]or purposes of this subsection parties united in interest and pleading together shall be considered as a single party . . . ." WISCONSIN STAT. § 48.29 does not contain similar language. However, we are satisfied that the requesting parties in this case are not aligned in interest. Thus, although the rules of civil procedure apply to TPR proceedings, *Door County DHFS v. Scott S.*, 230 Wis. 2d 460, 465, 602 N.W.2d 167 (Ct. App. 1999), we do not address or comment upon whether or how an alignment of interest in a TPR proceeding might affect the right of substitution.

Stat. § 48.29, § 801.58 explicitly provides that "*no party* may file more than one such written request" whereas § 48.29(1) provides: "Not more than one such written request may be filed in any one proceeding." (Emphsis added.) We conclude that the unambiguous language of § 801.58, coupled with the substantial importance of parental rights and the high stakes of a TPR proceeding, supports the interpretation that § 48.29 affords litigants in a TPR proceeding at least the same rights as those in a civil proceeding by permitting each party to request a substitution of judge. *See Frederick H.*, 2001 WI App 141 at ¶ 17.

¶ 13. A close reading of WIS. STAT. § 48.29(1) supports that interpretation. First, the opening sentence of the statute identifies the various parties who may file a request for substitution—"[t]he child, the child's parent, guardian or legal custodian, the expectant mother or the unborn child by the unborn child's guardian ad litem."[6] *Id.* The statute later states: "Not more than one *such written request* may be filed in any one proceeding, nor may any single request name more than one judge." *Id.* (emphasis added). We read the phrase "such written request" in this later sentence to refer to the multiple substitution requests contemplated by the first sentence. Therefore, while a party is

[6] With respect to the list of parties provided in WIS. STAT. § 48.29(1), Julie argues that the legislative use of the word "or" instead of "and" indicates that only one of these parties may file a request for substitution. The County correctly observes that Julie failed to raise this argument before the circuit court. Because our review is de novo, we nevertheless address Julie's argument insofar as to note that we agree with the County that the use of the word "or" augurs in favor of an interpretation that any one of the listed parties may file a request while the use of the word "and" would imply a requirement that the parties make such a request jointly.

not permitted multiple substitution requests, another party may file a substitution request.

¶ 14. Second, we deem significant the phrase "nor may any *single* request name more than one judge." WIS. STAT. § 48.29(1) (emphasis added). This specific prohibition as to a "single request" indicates that the legislature contemplated more than one such request. If the legislature had intended otherwise, it would not have used the word "single." Because § 48.29(1) clearly prohibits one party from filing another such written request, it is reasonable to construe this language as an indication that § 48.29(1) permits more than one party to file a substitution request.

¶ 15. Our examination of the criminal substitution statute adds further support to our interpretation of WIS. STAT. § 48.29(1) as permitting more than one party to file a request for substitution. WISCONSIN STAT. § 971.20(2) specifically permits only one request for substitution by a single defendant. When an action involves more than one defendant, § 971.20(6) requires that "the request for substitution shall be made jointly by all defendants." Significantly, § 48.29(1) contains no such limitation on the right to request substitution in actions involving multiple parties. It is well established that if a statute contains a given provision, "the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed." *Kimberly-Clark Corp. v. PSC*, 110 Wis. 2d 455, 463, 329 N.W.2d 143 (1983) (citation omitted). We conclude that, in TPR proceedings, the legislative intent is to allow each party the opportunity to make one request naming a single judge. Sec. 48.29(1).

¶ 16. Finally, we address Julie's concern that con

struing Wis. Stat. § 48.29(1) to permit more than one party to request a substitution in a TPR case leads to absurd results. Julie first contends that the request for substitution made by the first party to file such a request will be "nullified" by a subsequent request, thereby resulting in a loss of the first party's due process right to a timely and proper substitution. However, Julie's argument overlooks that there is no constitutional right to a peremptory substitution of a judge. *State ex. rel. Garibay v. Kenosha County Circuit Court*, 2002 WI App 164, ¶ 9, 256 Wis. 2d 438, 647 N.W.2d 455. Moreover, Julie's request for substitution was granted and a new judge was assigned. The GAL's request for substitution did not nullify Julie's statutory right; her right was fulfilled when her request was granted and a new judge was assigned. The right to substitution does not vest the party with a right to the successor judge; rather, it merely obtains the disqualification of the currently assigned judge.

¶ 17. Julie further contends that judicial and financial resources will be wasted if Wis. Stat. § 48.29(1) is construed to permit more than one party to request substitution. However, the financial impact of a statute is not our concern. Our review is limited to ascertaining the legislative intent. *Isaac J.R.*, 220 Wis. 2d at 256. Here, the language of § 48.29(1), read as a whole, clearly evinces the legislative intent to allow more than one of the listed parties to file a request for substitution. This places no greater burden upon the judicial system than the civil substitution statute, Wis. Stat. § 801.58, which similarly permits more than one party to file a substitution request.[7]

---

[7] Julie also argues that the GAL's substitution request did not comport with the requirements of Wis. Stat. § 801.58. We

## Conclusion

¶ 18. We conclude that WIS. STAT. § 48.29(1) permits more than one party to file a request for a substitution of judge in a TPR proceeding. We therefore deny Julie's petition for supervisory writ and dissolve our previous order staying the proceedings before the circuit court.

*By the Court.*—Writ denied.

summarily reject this argument. Although we have looked to § 801.58 for assistance in interpreting WIS. STAT. § 48.29(1), the latter statute has its own requirements, and the GAL complied with them.