In re the Termination of Parental Rights to Genesis M., a Person Under the Age of 18:

Brown County Department of Human Services, and Menominee Tribe of Indians Department of Social Services, Petitioners-Respondents,†

v.

Terrance M. , Respondent-Appellant.

Court of Appeals

*Nos. 04–2379, 04–2380. Submitted on briefs December 13, 2004.—Decided February 23, 2005.*

2005 WI App 57

(Also reported in 694 N.W.2d 458.)

† Petition to review denied 5-11-2005.

397

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Theresa J. Schmieder* of Green Bay.

On behalf of the petitioners-respondents, the cause was submitted on the brief of *Thomas J. Walsh* of *Walsh & Walsh, S.C.*, of De Pere.

Before Cane,C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Terrance M. appeals two separate pretrial orders denying him a judicial substitution and concluding preclusion doctrines never apply in

termination of parental rights proceedings.[1] We conclude preclusion doctrines may be applicable, and we further conclude WIS. STAT. § 48.29 permits judicial substitution in this case.[2] We therefore reverse and remand the orders with directions. Terrance is entitled to judicial substitution and the new judge should determine whether claim or issue preclusion applies to this case.

### Background

¶ 2. On December 26, 2002, the County filed a TPR petition against Terrance regarding his daughter, Genesis M., and alleging that Genesis was a child in continuing need of protection and services under WIS. STAT. § 48.415(2).[3] The jury was given two verdicts, one based on § 48.415(2) and one based on the federal Indian Child Welfare Act (ICWA). Regarding the third question of the ICWA verdict, the jury determined Genesis would not suffer physical or emotional harm if

---

[1] We granted leave to appeal these non-final orders, consolidated the appeals, and ordered this case heard by a three-judge panel on September 27, 2004.

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[3] WISCONSIN STAT. § 48.415 states, in relevant part:

At the fact-finding hearing the court or jury may make a finding that grounds exist for the termination of parental rights. Grounds for termination of parental rights shall be one of the following:

. . . .

(1) Abandonment.

(2) Continuing need of protection or services.

. . . .

(6) Failure to assume parental responsibility.

returned to Terrance. The County therefore moved to dismiss the TPR petition against Terrance.

¶ 3. On June 12, 2003, eight days after the verdict in the 2002 case, the County filed another TPR petition, alleging grounds under Wis. Stat. § 48.415(1), (2), and (6). The court determined issue preclusion applied because the County had no new evidence to present and dismissed the case.[4]

¶ 4. On April 6, 2004, the County filed a third TPR petition against Terrance, alleging grounds under Wis. Stat. § 48.415(2) only. Terrance moved to dismiss the case and, prior to entering a plea, requested a judicial substitution. The court denied the motion to dismiss, this time concluding preclusion doctrines are inapplicable in TPR cases. The court also denied the motion for substitution, concluding it was untimely. Terrance appeals.

## Discussion

## Whether Preclusion Doctrines
## Apply to TPR Cases

■

¶ 5. Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citations omitted). "Further, claim preclu-

---

[4] The June 12, 2003 petition was assigned to the Honorable Richard Dietz, who dismissed it on issue preclusion grounds. The April 6, 2004 petition was ultimately assigned to the Honorable Kendall M. Kelley.

sion is 'designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.'" *Id.* (citation omitted).

¶ 6. Under issue preclusion, a judgment in a prior action forecloses relitigation in a subsequent action of factual or legal issues that have been actually litigated and decided in the prior action. *Id.* Issue preclusion is a narrower doctrine than claim preclusion and requires the court to conduct a "fundamental fairness"[5] analysis before applying the doctrine. *Id.* at 551.

[5] *See Michelle T. v. Crozier*, 173 Wis. 2d 681, 688–89, 495 N.W.2d 327 (1993):

> Today, federal and state courts balance competing goals of judicial efficiency and finality, protection against repetitious or harassing litigation, and the right to litigate one's claims before a jury when deciding whether to permit parties to collaterally estop [invoke issue preclusion against] one another. . . . Courts may consider some or all of the following factors to protect the rights of all parties to a full and fair adjudication of all issues involved in the action: (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action? (Footnotes omitted.)

While *Michelle T.* references issue preclusion only, both parties here suggest that it applies equally to a consideration of applying claim preclusion.

¶ 7. Here, the question is whether preclusion doctrines can be applied generally to a certain type of case. This is a question of law that we review de novo. *See County of Sawyer Zoning Bd. v. DWD*, 231 Wis. 2d 534, 538–39, 605 N.W.2d 627 (Ct. App. 1999) (choosing the applicable legal standard is a question of law). We determine that claim and issue preclusion may be utilized in TPR proceedings.

¶ 8. TPR cases are generally considered a subset of custody cases. *See Tammie J.C. v. Robert T.R.*, 2003 WI 61, ¶ 26, 262 Wis. 2d 217, 663 N.W.2d 734, and *In re A.E.H.*, 161 Wis. 2d 277, 286, 468 N.W.2d 190 (1991) (TPR proceedings are custody determinations under the Uniform Child Custody Jurisdiction Act). We have repeatedly held that claim preclusion should be applied to custody determinations as long as the state of facts has not materially changed. *See Beaupre v. Airriess*, 208 Wis. 2d 238, 244, 560 N.W.2d 285 (Ct. App. 1997); *see also Severson v. Severson*, 71 Wis. 2d 382, 386, 238 N.W.2d 116 (1976); *Thies v. MacDonald*, 51 Wis. 2d 296, 301–02, 187 N.W.2d 186 (1971); and *Chandler v. Chandler*, 25 Wis. 2d 587, 592, 131 N.W.2d 336 (1964).

¶ 9. *Chandler* dealt with a request for modification of a child support order. The supreme court explained the claim preclusion rule:

> This rule discourages the making of groundless requests for modification as well as the attempting to obtain a more-favorable ruling by bringing the petition before different judges. It also prevents a different judge new to the case from modifying the former judgment or order so as to substitute his own view of the matter.

*Id.* at 592. The same can be said for applying claim preclusion to repeated TPR proceedings that are not supported by a change in the underlying facts. However,

because the interests of children are involved in a custody proceeding, claim preclusion should not be as strictly applied in TPR cases as it is in other cases. *Thies*, 51 Wis. 2d at 301–02. And, for these same reasons underlying application of claim preclusion to TPR cases, we conclude issue preclusion may also be applied when the facts so require.

¶ 10. The only determination appealed to this court was the question whether preclusion doctrines may be used at all in TPR cases. We answer that question affirmatively, without holding the doctrines must necessarily be applied in this case. On remand, the circuit court should analyze whether a preclusion doctrine should be applied here.[6] We decline to make that decision sua sponte.

### Whether Terrance is Entitled to Judicial Substitution

¶ 11. The trial court ruled and the County now argues that Terrance's substitution request was

---

[6] Whether claim preclusion applies to a particular factual scenario is a question of law. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995). Applying issue preclusion requires a two-step test. The first step, a determination whether the litigants were actually parties or were in privity with parties to the prior proceedings, is a question of law. *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 224, 594 N.W.2d 370 (1999). The second step, a determination whether actually applying issue preclusion to the litigant comports with principles of fundamental fairness, is committed to the trial court's discretion. *Id.* at 225. And, while the circuit court is to use its discretion in considering an array of factors to determine the fairness of applying issue preclusion, *see Michelle T.*, 173 Wis. 2d at 688–89, certain factors will present questions of law. *Paige K.B.*, 226 Wis. 2d at 225.

untimely because it was not filed before "hearing of any preliminary contested matters" under WIS. STAT. § 801.58. Terrance argues the applicable statute is WIS. STAT. § 48.29, which allows a request "either before or during the plea hearing . . . ." We agree with Terrance.

¶ 12. The question of which statute applies to a set of facts is a question of law that we review de novo. *Acharya v. Carroll*, 152 Wis. 2d 330, 335, 448 N.W.2d 275 (Ct. App. 1989). When statutes on the same subject conflict, the more specific one controls. *Nicolet Minerals Co. v. Town of Nashville*, 2002 WI App 50, ¶ 17, 250 Wis. 2d 831, 641 N.W.2d 497. Therefore, while the County is correct that a TPR proceeding is civil in nature and WIS. STAT. § 801.58 is a civil statute, it neglects to consider how WIS. STAT. § 48.29 applies specifically to children's code proceedings. *See In re Prestin T.B.*, 2002 WI App 220, ¶ 7, 257 Wis. 2d 285, 650 N.W.2d 920 (stating that WIS. STAT. § 48.29(1) governs judicial substitution in TPRs).

¶ 13. Moreover, the County fails to even address Terrance's argument that the more specific statute, WIS. STAT. § 48.29, is the correct statute, nor does it dispute that Terrance's motion was timely under that section. Rather, the County simply presumes that WIS. STAT. § 801.58's restrictions apply. Arguments not refuted are deemed admitted. *Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Terrance is entitled to judicial substitution based on his timely request under § 48.29.

*By the Court.*—Orders reversed; cause remanded with directions. No costs on appeal.