STATE of Wisconsin EX REL. MATEO D.O., Petitioner,

v.

CIRCUIT COURT FOR WINNEBAGO COUNTY, the Honorable L. Edward Stengel, Chief Judge for Wisconsin Circuit Court 4th Judicial District, the Honorable Thomas Gritton and juvenile court judge, Respondents.

Court of Appeals

*No. 05–0220–W. Submitted on briefs February 23, 2005.— Decided March 9, 2005.*

2005 WI App 85

(Also reported in 696 N.W.2d 275.)

On behalf of the petitioner, the cause was submitted on the petition for supervisory writ by *Colleen Bradley*, assistant state public defender of Oshkosh.

On behalf of the respondents, there was a response submitted by *Peggy A. Lautenschlager*, attorney general, and *David C. Rice*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.[1]

¶ 1. BROWN, J. Mateo D.O. petitions for a writ of mandamus compelling the Honorable L. Edward Stengel, Chief Judge for Wisconsin Circuit Court Fourth Judicial District, and the Winnebago Circuit Court, the Honorable Thomas Gritton presiding, to grant his request for judicial substitution. Two issues are presented: whether a chief judge has authority to review the denial of a substitution request made in a juvenile court proceeding under WIS. STAT. § 938.29(1) and whether the juvenile must personally sign the substitution request. We conclude that under WIS. STAT. § 801.01(2), the chief judge has authority to review and rule on a substitution request in a juvenile proceeding and that the substitution request is adequate if signed by the juvenile's attorney. We grant the writ of mandamus and direct the chief judge and the presiding judge to grant the request for judicial substitution.

---

[1] Although this case was originally a one-judge matter under WIS. STAT. § 752.31(2) (2003–04), it was ordered that this case be decided by a three-judge panel pursuant to WIS. STAT. RULE 809.41(3) to permit publication of our decision. *See* WIS. STAT. RULE 809.23(1)(b)4. All references to the Wisconsin Statutes are to the 2003–04 version.

¶ 2. The underlying action is a juvenile delinquency proceeding under Wis. Stat. § 938.12. Mateo's attorney filed a timely written request for judicial substitution with Judge Thomas Gritton. Judge Gritton denied the request because it was only signed by counsel. In a letter conveying that the request was denied, Judge Gritton wrote:

> I am denying the substitution request pursuant to Wisconsin Statute section 938.29(1). Although the statute indicates the juvenile's counsel may file the request it also reads that only the juvenile may request a substitution of judge. Your request does not include confirmation that you[r] client is specifically making the request. Without this confirmation, there is no way for me to determine that the request is being made by the juvenile.
>
> As you know, I have required defendant[s'] signatures for more than one year to insure that the defendant[s] are aware they are _personally_ waiving their individual right to substitution.

¶ 3. Mateo then moved Chief Judge L. Edward Stengel to review the denial of substitution and to assign a new judge. Chief Judge Stengel refused to act on the motion. He indicated that he lacked authority to review a request for substitution in a juvenile matter because his authority under Wis. Stat. § 801.58(2) applies only to civil actions or proceedings. Mateo's petition to this court followed.

¶ 4. We begin with Wis. Stat. § 938.29, setting forth the right to judicial substitution in an action under Wis. Stat. ch. 938. Section (1m) of that statute provides:

> When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of

whether the request was made timely and in proper form. Except as provided in sub. (2), if the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03. If no determination is made within 7 days, the clerk shall refer the matter to the chief judge of the judicial administrative district for determination of whether the request was made timely and in proper form and reassignment as necessary.

¶ 5. The parties agree that the statute plainly authorizes the chief judge to act on the juvenile's request for substitution if the circuit court does not timely act on the request. The respondents contend that the chief judge's authority ends there. Mateo argues that because WIS. STAT. § 938.29(1m) does not address what happens when the substitution request is denied, WIS. STAT. § 801.58(2) applies and authorizes the chief judge to review the denial of substitution.

¶ 6. WISCONSIN STAT. § 801.58(2) provides:

When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form. If the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03. *If the judge named in the substitution request finds that the request was not timely and in proper form, that determination may be reviewed by the chief judge of the judicial administrative district,* or by the chief judge of an adjoining judicial administrative district if the judge named in the request is the chief judge, if the party who made the substitution request files a written request for review with the clerk no later than 10 days after the determination by the judge named in the request. If no deter-

579

mination is made by the judge named in the request within 7 days, the clerk shall refer the matter to the chief judge of the judicial administrative district or to the chief judge of an adjoining judicial administrative district, if the judge named in the request is the chief judge, for determination of whether the request was made timely and in proper form and reassignment as necessary. The newly assigned judge shall proceed under s. 802.10 (1). (Emphasis added.)

¶ 7. We observe the similarities between WIS. STAT. § 938.29(1m) and § 801.58(2) requiring a request for substitution to be acted on by the presiding judge in seven days and authorizing the chief judge to act if no timely determination is made. However, § 801.58(2) is more specific as to what occurs when a request for substitution is found not to be timely or in proper form.

¶ 8. WISCONSIN STAT. § 801.01(2) provides in part: "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings . . . except where different procedure is prescribed by statute or rule." The respondents do not argue that a juvenile proceeding under WIS. STAT. ch. 938 is anything but a civil action or special proceeding.[2] Rather, they argue that WIS. STAT. § 938.29(1m) sets forth a different procedure than that stated in WIS. STAT. § 801.58(2).

¶ 9. We do not agree. Review by the chief judge of the determination that a juvenile's request for substitution is not timely or in proper form is not inconsistent with the procedure in WIS. STAT. § 938.29(1m) regarding

---

[2] There is no basis for such an argument. Inasmuch as the juvenile justice code in WIS. STAT. ch. 938 is designed to handle juvenile crime outside of criminal proceedings, *see* WIS. STAT. § 938.01, proceedings under ch. 938 are civil.

when and who makes the initial determination. Review by the chief judge is just the next step in the process. We conclude that WIS. STAT. § 801.58(2) applies when the juvenile's request for substitution is denied.

¶ 10. Our conclusion that the chief judge has authority to review the denial of the juvenile's request for substitution is consistent with our holding in *Barbara R.K. v. James G.*, 2002 WI App 47, 250 Wis. 2d 667, 641 N.W.2d 175. There we held that "WIS. STAT. § 801.58(2) provides an avenue to facilitate review of denials of requests for substitution of judge." *Id.*, ¶ 15. We recognized that review by the chief judge promotes judicial economy and efficiency. *Id.*, ¶ 11. The failure to obtain review by the chief judge is akin to the failure to exhaust administrative remedies and constitutes waiver of the right for appellate review. *Id.*, ¶¶ 14–15. The goal of judicial efficiency in a juvenile proceeding requires that the chief judge review the denial of a substitution request before the issue is brought to this court.

¶ 11. We turn to whether Mateo's request for substitution was in proper form.[3] WISCONSIN STAT. § 938.29(1) provides in part: "In a proceeding under s. 938.12 or 938.13(12), only the juvenile may request a substitution of the judge. Whenever the juvenile has the right to request a substitution of judge, the juvenile's

---

[3] The respondents contend that if we decide that the chief judge has authority to review the denial of the juvenile's substitution request, the matter must be remanded to the chief judge for decision. We recognize that the chief judge has not ruled on the substitution request but deem it an efficient use of judicial resources to address the basis for Judge Gritton's denial of the substitution request.

counsel or guardian ad litem may file the request." The circuit court determined that the provision that "only the juvenile may request a substitution of the judge," means that the juvenile must sign the motion or request. It suggested that the provision seeks to establish that the juvenile is making a knowing and voluntary exercise of the right to judicial substitution.

¶ 12. It may be a laudable goal to have a juvenile demonstrate his or her awareness of the right to substitution by personally signing a request for judicial substitution, but it is not required by the plain meaning of WIS. STAT. § 938.29(1). To so hold would eviscerate the provision that when the juvenile has the right to request a substitution of judge, the juvenile's counsel may file the request. Reading the two sentences together, the statute provides that in cases under WIS. STAT. §§ 938.12 or 938.13(12), the juvenile is the only party to the action that may request judicial substitution.[4]

¶ 13. Further, WIS. STAT. § 802.05(1)(a) requires counsel of record to sign every motion or paper submitted by a party. The statute requires the party to sign a motion or paper only if he or she is appearing pro se. *Cf.*

---

[4] The provision stems from the all-inclusive nature of the first statutory grant of the right to judicial substitution in cases under the Children's Code. As originally enacted, the substitution provision governed all cases under WIS. STAT. ch. 48, and provided in part:

> The child, or the child's parent, guardian or legal custodian, either before or during the plea hearing, may file a written request with the clerk of the court or other person acting as the clerk for a substitution of the judge assigned to the proceeding.... In a proceeding under s. 48.12 or 48.13(12), only the child may request a substitution of the judge.

1977 Wis. Laws ch. 354, § 51.

*Dungan v. County of Pierce*, 170 Wis. 2d 89, 94, 486 N.W.2d 579 (Ct. App. 1992) (looking at similar language in WIS. STAT. § 801.09(3)). It would be inconsistent to sometimes, but not always, require a litigant to sign a motion or pleading when the litigant is represented by counsel.

¶ 14. Inasmuch as the circuit court wants to use the juvenile's personal signature as evidence of his or her personal choice to seek substitution, counsel's signature on the request fulfills that requirement. *See Schaefer v. Riegelman*, 2002 WI 18, ¶ 30, 250 Wis. 2d 494, 639 N.W.2d 715 (the subscription requirement reflects "a deliberate process by which the lawyer guarantees the validity of a claim," "a protection that is at the core of an attorney's professional responsibility."). The exercise of the right to judicial substitution is on different footing from a waiver of that right. The request for substitution is itself evidence that the juvenile is aware of the right to substitution. Further, when a juvenile chooses to be represented by counsel, he or she delegates the exercise of certain tactical decisions to counsel, and a personal affirmation of the exercise of the right to judicial substitution is not necessary. *Cf. State v. Kywanda F.*, 200 Wis. 2d 26, 36, 546 N.W.2d 440 (1996) (statutory right to judicial substitution in a juvenile delinquency proceeding does not trigger due process concerns); *State v. Brunette*, 220 Wis. 2d 431, 444, 583 N.W.2d 174 (Ct. App. 1998); *State v. Hereford*, 224 Wis. 2d 605, 617–18, 592 N.W.2d 247 (Ct. App. 1999) (when a tactical decision to assert or waive a right is delegated to counsel, the defendant need not make a personal statement waiving the right). The requirement that the juvenile sign the substitution

request is unnecessary. Mateo's request, filed and signed by counsel, was in proper form.

¶ 15. A petition for a writ of mandamus or prohibition is an appropriate remedy to redress the denial of judicial substitution. *See State ex rel. James L.J. v. Circuit Court for Walworth County*, 200 Wis. 2d 496, 498, 546 N.W.2d 460 (1996). The circuit court violated a plain duty in refusing to honor Mateo's request. *See State ex rel. Ondrasek v. Circuit Court for Calumet County*, 133 Wis. 2d 177, 185, 394 N.W.2d 912 (Ct. App. 1986). We therefore grant the petition for a supervisory writ of mandamus and direct the chief judge and circuit court to honor the request for judicial substitution.

*By the Court.*—Writ granted.