CITY OF SHEBOYGAN, Plaintiff-Appellant,†

v.

Steven NYTSCH, Defendant-Respondent-Petitioner.

Supreme Court

*No. 2005AP2767. Decided June 19, 2008.*

2008 WI 64

(Also reported in 750 N.W.2d 475.)

† Motion for reconsideration denied 7/23/08. Ziegler & Gableman, JJ. did not participate.

¶ 1. PER CURIAM. Pending before the court is a petition for review filed by Steven Nytsch. We decline to review this matter. However, we deviate from our usual practice of denying the petition for review by written order. Rather, we grant the petition for the sole purpose of remanding the matter to the court of appeals with directions to vacate certain language contained in footnote 6 of the court of appeals' decision.

¶ 2. The court of appeals was presented with the question whether the circuit court properly applied the doctrine of issue preclusion to the facts of this case. The circuit court accepted Nytsch's argument that the doctrine of issue preclusion barred the city of Sheboygan from litigating the question whether there was probable cause to arrest Nytsch for drunk driving. In rendering this decision, the circuit court acknowledged the general rule that unpublished opinions may not be cited as precedent or authority. *See* Wis. Stat. § (Rule) 809.23(3) (2005–06).[1] Nonetheless, the circuit court then proceeded to adopt and specifically relied upon the rationale of an unpublished court of appeals' opinion, *Village of Westfield v. Mashek,* No. 1994AP361, unpublished slip op. (Wis. Ct. App. Nov. 10, 1994).

¶ 3. On appeal the court of appeals reversed, holding that the city of Sheboygan was not precluded from litigating the probable cause issue on the merits,

---

[1] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

338

on the ground that the issue was not actually litigated. The court of appeals ruled that it would be fundamentally unfair to apply issue preclusion in this case. *See City of Sheboygan v. Nytsch*, 2006 WI App 191, ¶ 1, 296 Wis. 2d 73, 722 N.W.2d 626. We take no position on the merits of the court of appeals' decision.

¶ 4.   What concerns this court is the final footnote to the court of appeals' decision, in which the court characterized the unpublished decision upon which the circuit court relied as "wrongly decided." *Id.*, n.6.

■■■

¶ 5.   It is well settled that the court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals. *Cook v. Cook*, 208 Wis. 2d 166, 560 N.W.2d 246 (1997). Admittedly, *Village of Westfield* is an unpublished decision. However, that implicates Wis. Stat. § (Rule) 809.23(3), which provides that:

> An unpublished opinion is of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case.

Can the court of appeals analyze—and effectively overrule—a decision that wholly lacks either precedential or persuasive authority, as a matter of law? Certainly, the court's analysis explains why the court of appeals overruled the circuit court's ruling. But, in so doing, the court implicitly acknowledges that the *Westfield* decision, albeit unpublished, does indeed have persuasive authority. This court is fully aware that appellate courts and lawyers alike look to unpublished decisions to bolster legal arguments and to ensure consistency in outcome. However, our current rules do

not sanction this practice. Thus, we direct the court of appeals to strike the following language from footnote 6:

> In this case, reliance on the rationale of *Village of Westfield* was misplaced. After a review of that decision, we conclude that it was wrongly decided. The primary flaw in *Village of Westfield,* is our failure to apply the issue preclusion test set out in *Michelle T. v. Crozier,* 173 Wis. 2d 681, 495 N.W.2d 327 (1993). While we cited to *Michelle T.,* 173 Wis. 2d at 687, for the definition of issue preclusion (then called collateral estoppel), we inexplicably turned to *State ex rel. Flowers v. DHSS,* 81 Wis. 2d 376, 387, 260 N.W.2d 727 (1978), for the test that would be applied—"[t]he four elements of the collateral estoppel test have been identified as including: (1) a valid, final judgment; (2) identity of issues; (3) privity of parties; and (4) issues which have been litigated and necessarily determined." As we discuss in the body of this decision, the proper test to be applied is the looser, equities-based test found in *Michelle T.,* 173 Wis. 2d at 687–89, which asks, in part, whether the issue actually has been litigated *and* whether applying issue preclusion comports with the principles of fundamental fairness. *See Brown County Dep't of Human Servs. v. Terrance M.,* 2005 WI App 57, ¶ 10 n.6, 280 Wis. 2d 396, 694 N.W.2d 458, *review denied,* 2005 WI 134, 282 Wis. 2d 723, 700 N.W.2d 274 (2005); *Mrozek v. Intra Fin. Corp.,* 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 699 N.W.2d 54. The result in *Village of Westfield* is wrong because we did not—as we do here—consider these questions.

¶ 6. Although we direct the court to strike the aforementioned language, this directive does not end our review.

¶ 7. There has been considerable debate at the state and national levels about rules prohibiting citation to unpublished decisions. The Wisconsin Judicial

340

Council has filed a rule petition with this court regarding citation to unpublished decisions and the matter will be set for a public hearing in due course.[2]

¶ 8.   IT IS ORDERED that the petition for review is granted, and the case is remanded to the court of appeals with directions to strike the language from footnote 6 as set forth herein.

¶ 9.   ANNETTE KINGSLAND ZIEGLER, J., did not participate.

---

[2] The pending rule petition, No. 08–02, *In re: Proposed Amendments to Wisconsin Statute (Rule) 809.23(3)* (filed Jan. 25, 2008), asks the court to amend Wis. Stat. § (Rule) 809.23(3) as follows:

> 809.23(3) CITATION OF ~~U~~unpublished opinions ~~not cited~~. (a) An unpublished opinion ~~is of no precedential value and for this reason~~ may not be cited in any court of this state as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case.
>
> (b) In addition to the purposes specified in sub. (a), an unpublished opinion may be cited for its persuasive value. Because an unpublished opinion cited for its persuasive value is not precedent, it is not binding on any court of this state, and a court need not distinguish or otherwise discuss it.