**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 22, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2024AP2057-FT** | Cir. Ct. No. 2023JC166 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS DISTRICT II** |

IN THE INTEREST OF S. I., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

T.D.V.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Kenosha County: CHAD G. KERKMAN, Judge. *Reversed and cause remanded*.

¶1    NEUBAUER, J.[1]    T.D.V., referred to herein by the pseudonym Tyrone, appeals from a dispositional order transferring custody of his daughter Serena (also a pseudonym) to the Kenosha County Division of Children and Family Services and placing her in foster care.  The circuit court entered the dispositional order after a jury found that Tyrone and Serena's mother neglected her.  *See* WIS. STAT. § 48.13(10).  Tyrone raises three issues on appeal.  First, he argues that the court erred in denying his request for judicial substitution.  Next, he contends that the court erroneously admitted certain evidence at the trial.  Finally, Tyrone challenges the sufficiency of the evidence to support the jury's verdict.

¶2    With respect to the substitution issue, the State does not argue that the circuit court's denial of substitution was correct.  Instead, it argues that Tyrone did not preserve the issue for appeal.  This court disagrees and further concludes that the State's failure to address Tyrone's argument operates as a concession that the circuit court erred.  Accordingly, this court reverses the dispositional order, remands this case for a new trial before a different circuit court judge, and declines to address the other two issues.

## BACKGROUND

¶3    Serena was born in June 2023 and is the biological daughter of Tyrone and Penelope (also a pseudonym), who are married.  In September 2023, the State commenced a Child in Need of Protection or Services (CHIPS) proceeding for Serena.  In the CHIPS petition, the State alleged that Serena was in need of protection or services because Penelope and Tyrone had provided

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

inadequate care for Serena and had neglected her. *See* WIS. STAT. § 48.13(8), (10).

¶4    A plea hearing was held before a court commissioner on September 25, 2023. Tyrone appeared in person, along with counsel that had been appointed by the State Public Defender. At the start of the hearing, Tyrone's counsel informed the court commissioner that Tyrone "has indicated he wishes to proceed under his own power" and asked for leave to withdraw as his attorney. The court commissioner granted counsel's request and then asked Tyrone if he had received a copy of the petition. Tyrone responded by discussing other legal proceedings involving another child of his and said he "d[id] not want to be in this jurisdiction because it is prejudiced and it is unjust the things that's been done." Tyrone declined the commissioner's offer of additional time to review the petition, and the commissioner entered a denial on his behalf. Tyrone repeated that he wanted "to be out of [this] jurisdiction" because "you guys hate this family." The commissioner asked the attorney who had appeared on Tyrone's behalf if he would "help him regarding a substitution because he has made it clear he does not wish to have Judge [Kerkman]" preside over the case. Tyrone continued to interrupt the commissioner as the hearing continued, and eventually the commissioner ordered him to be removed from the room.

¶5    Towards the end of the hearing, the attorney told the court commissioner that he had a substitution form and noted that it "ha[d] a place for a signature for an attorney … in this case." The court commissioner told the attorney that he could leave the signature line blank and said that the court would "receive the substitution," that "it is in the proper form" and "has been timely filed," and that it would be submitted to Judge Kerkman for a ruling. The following day, Judge Kerkman denied the substitution request. The following

handwritten text appears above the judge's signature on the form: "Request denied. Not signed."

¶6 The next hearing in the case was held before a different court commissioner two weeks later on October 12, 2023. During the hearing, the commissioner informed Tyrone that his request for substitution had been denied because it had not been signed. Tyrone responded that he had not been sent anything to sign and said, "I want to sign the paperwork about Judge Kerkman, that's what I want to do." The remainder of the hearing then turned to other issues; no further discussion or action appears to have occurred with respect to Tyrone's request.

¶7 The circuit court subsequently appointed counsel to represent Tyrone and the case proceeded to a jury trial before Judge Kerkman. At the conclusion of the trial, the jury returned a verdict finding that Serena had been neglected. Based on the jury's verdict, the court entered an order transferring legal custody of Serena and placing her in foster care.

## DISCUSSION

¶8 Tyrone argues that the circuit court erred in denying his request for substitution of judge. WISCONSIN STAT. § 48.29 governs judicial substitutions in termination of parental rights cases. *State ex rel. Julie A.B. v. Circuit Ct. for Sheboygan Cnty.*, 2002 WI App 220, ¶7, 257 Wis. 2d 285, 650 N.W.2d 920. Section 48.29(1) states, in relevant part, that a parent or his or her counsel "may file a written request" for substitution "either before or during the plea hearing." Upon receipt of a substitution request,

> the clerk shall immediately contact the judge whose
> substitution has been requested for a determination of

4

> whether the request was made timely and in proper form. If the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03. If no determination is made within 7 days, the clerk shall refer the matter to the chief judge of the judicial administrative district for determination of whether the request was made timely and in proper form and reassignment as necessary.

Sec. 48.29(1m).

¶9 The transcript of the plea hearing indicates that the attorney who appeared on Tyrone's behalf submitted a written request for substitution near the end of the hearing. The attorney did not sign the request, likely because the court commissioner granted his request to withdraw at the start of the hearing and told the attorney he could leave it blank. Tyrone also did not sign the request because the court commissioner had ordered him to be removed earlier in the hearing due to his disruptive behavior. Notwithstanding the lack of a signature, the court commissioner stated that the request was "in the proper form" and "ha[d] been timely filed." The circuit court denied the request the next day. Tyrone asked to sign the request at the next hearing when he learned why his request had been denied, but nothing in the record indicates that he was afforded an opportunity to do so.

¶10 Tyrone argues that the circuit court erred in denying his request because it was not signed. He acknowledges that the "written request" required under WIS. STAT. § 48.29(1) likely had to be signed but contends that the court should not have denied his request without first giving him a chance to sign it. In support of his argument, Tyrone cites WIS. STAT. § 802.05(1), which requires "[e]very pleading, written motion, and other paper [to] be signed" by a party or the party's attorney and states that "[a]n unsigned paper shall be stricken unless

5

omission of the signature is corrected promptly after being called to the attention of the attorney or party."

¶11    The State does not attempt to refute Tyrone's argument or to defend the circuit court's decision on its merits.  Instead, the State argues that Tyrone waived his right to raise this issue on appeal because he did not seek review of the court's ruling by the chief judge of the appropriate judicial administrative district within ten days.[2]  In support, the State cites WIS. STAT. § 801.58, which governs judicial substitutions in civil cases and which states in relevant part that

> [i]f the judge named in the substitution request finds that the request was not timely and in proper form, that determination may be reviewed by the chief judge of the judicial administrative district … if the party who made the substitution request files a written request for review with the clerk no later than 10 days after the determination by the judge named in the request.

Sec. 801.58(2).  The State also cites our decision in ***Barbara R.K. v. James G.***, 2002 WI App 47, ¶1, 250 Wis. 2d 667, 641 N.W.2d 175, in which we held "that review by the chief judge under WIS. STAT. § 801.58(2) is a necessary prerequisite to appeal a denial of a request for substitution of judge."

¶12    The State's argument is not well-taken.  As we recognized in ***Julie A.B.***, WIS. STAT. § 48.29, not WIS. STAT. § 801.58, governs judicial substitutions in termination of parental rights proceedings.  ***Julie A.B.***, 257 Wis. 2d 285, ¶7.

---

[2] Though the State uses the word "waiver" to describe the consequence of Tyrone's failure to seek review by the chief judge, a more apt description would be that Tyrone "forfeited" his right to appeal this issue. *See* **State v. Ndina**, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoting **United States v. Olano**, 507 U.S. 725, 733 (1993)) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.").

Thus, § 801.58, and our decision in **Barbara R.K.** applying that statute, do not control here. Moreover, § 48.29 does not contain language similar to § 801.58(2) providing for review of a denial of substitution by the chief judge of the applicable judicial administrative district. Section 48.29 only provides for involvement of the chief judge "[i]f no determination [of whether the request was timely and in proper form] is made within 7 days." Sec. 48.29(1m). Here, Judge Kerkman determined that the request was not in proper form when he denied it the day after it was submitted because it was not signed. The State offers no persuasive explanation why we should apply § 801.58(2) and our holding in **Barbara R.K.** to a case like this one in which a different substitution statute governs. Thus, Tyrone was not required to seek review of the circuit court's denial by the chief judge to preserve this issue for appeal.

¶13  As noted above, the State offers no response to Tyrone's argument that the circuit court erred in denying his substitution request. Nor does it offer any other reason to sustain the court's decision. It is well-established that arguments that are not refuted may be deemed conceded. *See **O'Connor v. Buffalo Cnty. Bd. of Adjustment***, 2014 WI App 60, ¶31, 354 Wis. 2d 231, 847 N.W.2d 881; ***Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Moreover, this court may not abandon its neutral role to develop an argument for the State. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Accordingly, this court construes the State's lack of a response as a concession that the circuit court erred in denying substitution.

¶14  For the foregoing reasons, the disposition order is reversed and this case is remanded to the circuit court for a new trial before a different circuit court judge. Because this court's conclusion with respect to the substitution issue is

7

sufficient to dispose of this appeal, this court declines to address the other issues raised by Tyrone. *See **State v. Earl***, 2009 WI App 99, ¶8 n.5, 320 Wis. 2d 639, 770 N.W.2d 755 (stating that court of appeals need not address other issues raised on appeal if one issue is dispositive).

> *By the Court.*—Order reversed and cause remanded.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.