Jodee G. Kox and Geoffrey J. Kox, Plaintiffs-Appellants,

v.

Center for Oral and Maxillofacial Surgery, S.C., Dr. Bradley Porter, D.D.S., Dr. Joseph Litow, D.D.S., Zimbrick, Inc., and Physicians Plus Insurance Corporation, Defendants-Respondents.

Court of Appeals

No. 97–3045. Submitted on briefs March 9, 1998.—Decided March 26, 1998.

(Also reported in 579 N.W.2d 285.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Cynthia A. Curtes* of *Kramer & Ott, S.C.,* of Mt. Horeb.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Samuel J. Leib* and *Christine A. Koehler* of *Leib & Associates, S.C.,* of Milwaukee.

Before Eich, C.J., Vergeront and Deininger, JJ.

EICH, C.J. Jodee and Geoffrey Kox sued the Center for Oral and Maxillofacial Surgery, S.C., various physicians and dentists employed by the Center,

and its insurer,[1] seeking to recover damages for injuries Jodee Kox allegedly suffered from her surgery at the Center. The Koxes appeal from a judgment dismissing their complaint for failure to state a claim, and from an order barring them from filing an amended complaint.[2]

The dispositive issue is whether the trial court erroneously rejected the Koxes' amended complaint because it considered their response to the Center's motion for a more definite statement an "amended pleading" within the meaning of § 802.09(1), STATS., which permits a party to amend a pleading "once as a matter of course" within six months of filing the action. Having concluded that the Koxes' response to the motion " 'used up' their [statutory] allowance of amendments of right," the trial court rejected their attempt to file an amended complaint even though the six-month time limit under § 802.09(1) had yet to expire.

We hold that a plaintiff's response to a motion for a more definite statement, no matter how it is termed or captioned, cannot extinguish the plaintiff's right to amend within six months as a matter of course under

[1] We will refer to the defendants collectively as "the Center."

[2] The trial court's memorandum decision granting the Center's motion to dismiss concluded: "For the above stated reasons, the Plaintiff's second amended complaint is rejected, and the Defendant's Motion to Dismiss For Failure to State a Claim is hereby GRANTED." It then stated: "IT IS SO ORDERED." A few weeks later, the court signed a judgment, apparently drafted by the Center, omitting any reference to an amended complaint and stating simply that the Koxes' "complaint" was dismissed on its merits. We will treat the decision as a separate order rejecting the amended complaint the Koxes filed on April 16, 1997, and we consider their appeal to be from both the judgment of dismissal and the court's order.

§ 802.09(1), Stats. We therefore reverse the judgment and order.[3]

The facts are not in dispute. On November 11, 1996, the Koxes, appearing *pro se*, filed a summons and handwritten complaint seeking to recover $5 million in damages for a variety of injuries allegedly resulting from Jodee Kox's surgery at the Center. The Center filed a motion for a more definite statement, claiming that the Koxes' complaint lacked sufficient information to permit the Center to "identify the actions from which their claims arose." At a hearing on the motion, considerable discussion ensued with respect to what was required of the Koxes to respond to the motion. The trial court then adjourned the hearing to give them additional time to respond. At the conclusion of a second hearing, the court stated that it was granting the Center's motion and would order the Koxes, within the next twenty days, to

> provide to the defendants a statement that is more definite and certain regarding a plain and concise statement of what exactly the plaintiffs' claim is; that the plaintiffs identify the transaction or occurrence out of which the claim arises; that the plaintiffs allege why they believe they are entitled to relief from the Court; and that the plaintiffs identify the parties or defendants and the specific acts

[3] The Koxes, represented by counsel on the appeal, also argue that the trial court, in dismissing the complaint, failed to adequately address Jodee Kox's request for accommodations under the Americans with Disabilities Act. Because we reverse on other grounds, we need not consider the argument.

performed by each defendant which they believe entitle them to a claim against that defendant.[4]

At that point Geoffrey Kox stated, "Your Honor, I believe that we do have a written statement that should answer the questions that the counsel is looking for as far as specifically what the doctors in question did to her, the results, why we feel—or why we're seeking damages." The court directed Kox to give the document to the clerk, and the hearing concluded.[5]

The Center then filed a motion to dismiss "the Complaint" for failure to state a claim. In a brief filed with the motion, the Center argued that both the Koxes' original complaint and their "revised statement" failed to state a claim upon which relief could be granted. On April 16, 1997—slightly more than five months after the original summons and complaint were filed—the Koxes, apparently in lieu of submitting a brief in response to the Center's motion, filed a typewritten "Amended Summons" and "Amended Complaint" which, although signed by the parties "pro

---

[4] Several days later, on February 19, 1997, the court reduced its oral order to writing, directing the Koxes, within twenty days,

> to provide defendants with a more definite statement containing the following items: a) a plain and concise statement of claim; b) identification of the transaction or occurrence out of which the plaintiffs' claim arises; c) why plaintiffs are entitled to relief; and d) identification of parties and the specific acts performed by each defendant which entitles plaintiffs to make such claims against the defendants.

[5] Inexplicably—although it is reproduced in the Koxes' appendix without objection, and is referred to repeatedly in the Center's brief—the document does not appear in the record. Because the parties appear to concede its genuineness, we will consider it as part of the appellate record.

se," are in standard legal form and appear to have been drafted either by or upon the advice of an attorney.[6]

Several weeks later, the trial court issued its memorandum decision and order granting the Center's motion to dismiss, concluding that: (1) both the Koxes' original complaint and the narrative statement—which the court referred to as "an amended complaint"—failed to state a claim for relief; and (2) by filing the narrative statement—again referred to as an "amended complaint"—the Koxes had " 'used up' their allowance of amendments of right" under § 802.09(1), STATS., and thus could amend their pleadings only with leave of the court. The court also concluded that, because they had been given "ample opportunity to submit an acceptable complaint" and chose instead "to stand by their . . . 'narrative' and assert its sufficiency in spite of suggestions to the contrary," it would be "manifestly unfair and prejudicial" to the Center to permit the Koxes to file the April 16 amendments.

Citing *Troutman v. FMC Corp.*, 115 Wis. 2d 683, 689, 340 N.W.2d 581, 585 (Ct. App. 1983), the Center argues that we must review the trial court's decision under the deferential rules applicable to discretionary decisions. The issue in *Troutman*, however, was whether the plaintiff should be allowed to amend the complaint to state a new cause of action—presumably *after* the expiration of the six-month amendment period granted by § 802.09(1), STATS.[7] The issue in this

---

[6] The Center and various individual defendants filed answers, notices of appearance and cross-claims in response to the Koxes' "Amended Complaint."

[7] The right of amendment under § 802.09(1), STATS., is not mentioned in *Troutman v. FMC Corp.*, 115 Wis. 2d 683, 340 N.W.2d 581 (Ct. App. 1983), nor is there any mention of the dates of the original and amended complaints.

case is altogether different: whether § 802.09(1) applies to amended pleadings the Koxes filed *before* the six-month period expired. And, the application of a statute to undisputed facts is a question of law, which we decide independently. *Bell v. Employers Mut. Cas. Co.*, 198 Wis. 2d 347, 359, 541 N.W.2d 824, 829 (Ct. App. 1995).

The Center's position is, as the trial court concluded, that the Koxes' narrative response to the motion for a more definite statement was, in effect if not in form, an amended complaint within the meaning of § 802.09(1), STATS., and that, by filing it, they used their one-time right to amend within six months after the initial pleadings were filed.

We note at the outset that the trial court's order granting the Center's motion for a more definite statement did not, as the Center states several times in its brief, grant the Koxes twenty days "to file an amended pleading." Rather, as we have noted above, it directed them to file a "statement" explaining "what exactly [their] claim is," who they believe is responsible, and why they believe they are entitled to relief. The Koxes' response was an uncaptioned, unsigned narrative statement attempting to respond to the court's admonition. The only "Amended Complaint" indexed in the appellate record is the typed complaint the Koxes filed on April 16, 1997—the one the trial court disallowed.

More importantly, no matter how it is characterized, we do not believe a plaintiff's response to an order for a more definite statement issued on the defendant's motion is the type of "amended pleading" that operates to extinguish the plaintiff's right to amend within six months under § 802.09(1), STATS. The statute is, by its terms, mandatory: If the six-month period has not yet passed, a party has the right to amend the pleading

"once as a matter of course." There is no requirement to seek or obtain either leave of the court or consent of the other side.

■

Section 802.09(1), STATS., is closely modeled on FED. R. CIV. P. 15(a). The only difference between the two is the method of calculating the time limit. Under the federal rule, the right continues until a responsive pleading is filed: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). In Wisconsin, the right is extinguished only after the passage of six months from the filing of the original complaint. Section 802.09(1). As a result, federal court cases interpreting FED. R. CIV. P. 15(a) are persuasive on the interpretation of § 802.09(1). And those cases recognize that the right to amend " 'as a matter of course' " is an " 'absolute right to amend' " during the stated period, without any requirement to ask leave of the court to do so. *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961) (quoted sources omitted). Indeed, it has been said that "the positive language of the rule appears to leave no room for interpretation or construction other than that it confers an absolute right, of which the pleader cannot be deprived." *Peckham v. Scanlon*, 241 F.2d 761, 764 (7th Cir. 1957).[8]

---

[8] In *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961), the court of appeals held the plaintiff had an absolute right to amend even though the trial court had, in the interim, granted the defendants' motion to dismiss the original complaint. The court reasoned that, as long as no "responsive pleading" had been filed by the defendants—and the motion to dismiss was not considered such a pleading—the plaintiff's right to amend remained absolute. *Id.* at 142.

When the trial court ruled to interpret the Koxes' response to the Center's motion for a more definite statement as an amended complaint within the meaning of § 802.09(1), STATS., it permitted the Center, by filing the motion, to foreclose the Koxes from exercising the absolute right to amend so plainly conferred upon them by the statute.

■■■■

The Center disagrees. It contends the trial court was correct because the Koxes "clearly intended" their narrative response to the motion for a more definite statement to stand as "their amended complaint" in the action. We note first that the Center has not provided any citation to the record to back up the factual assertion—the Koxes' intent—underlying its argument, and we have said many times that we generally will not consider arguments based on assertions that are unsupported by references to the record. *Dieck v. Antigo School Dist.*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565, 571 (Ct. App. 1990). Second, as indicated, the unsigned narrative statement responded to the trial court's order that the Koxes provide not an amended pleading but only a statement explaining the nature of their claims. We conclude, therefore, that the trial court erred in rejecting the amended complaint and dismissing their action.[9]

---

[9] The Center makes two other arguments, which we dispose of briefly. First, it contends that the trial court properly exercised its discretion in declining to accept the Koxes' April 16 "Amended Complaint." As we indicated, however, § 802.09(1), STATS., gives the Koxes an absolute right to amend within the six-month period *without* leave of the court. It follows that whether the court, in its discretion, might properly reject the Koxes' request for leave to amend their complaint is immaterial during the time in which § 802.09(1) grants them the right to

We therefore reverse the judgment dismissing the Koxes' action and the order rejecting the amended complaint filed by the Koxes on April 16, 1997.[10]

*By the Court.*—Judgment and order reversed and cause remanded.

amend "once as a matter of course." *See Peckham v. Scanlon,* 241 F.2d 761, 764 (7th Cir. 1957) (while agreeing with the trial court that the plaintiff's complaint failed to state a claim and acknowledging that the plaintiff probably could not remedy this defect, the court of appeals nonetheless reversed the order dismissing the action, stating, "The inescapable point is that plaintiff . . . is entitled as a right to make the attempt" as long as the time limit stated in the rule had not expired).

Second, the Center suggests that the order granting its motion for a more definite statement should be considered a scheduling order within the meaning of § 802.09(1), STATS., which keys the right to amend "once as a matter of course" to either six months from the filing of the initial pleadings "or within the time set in a scheduling order under s. 802.10." The argument is unexplained, other than by a brief statement that the order granting the motion for a more definite statement is "such an order." Plainly, it is not. The order was entered in response to the Center's motion for a more definite statement under § 802.06(5), STATS. It in no way purports to be a scheduling order of the type that § 802.10(3), STATS., contemplates that the court enters "after [consultation] with the attorneys for the parties."

[10] The record indicates that most, if not all, of the defendants either have answered the April 16 complaint or have filed notices of appearance and/or cross-claims. To the extent all of the responsive pleadings have not been filed, or those already filed require amendment, the court is, of course, empowered to grant extensions or permit amendments.