**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 16, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2019AP2195**

Cir. Ct. No. 2019SC435

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

FOND DU LAC COUNTY,

   PLAINTIFF-RESPONDENT,

 V.

PAUL MEIXENSPERGER,

   DEFENDANT-CO-APPELLANT,

HARRY SCHMITZ,

   CO-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County:  PETER L. GRIMM, Judge.  *Affirmed.*

¶1 GUNDRUM, J.[1] Paul Meixensperger and Harry Schmitz appeal from a judgment of eviction, asserting that the circuit court erred in granting summary judgment in favor of Fond du Lac County. They also contend that Schmitz was a necessary party, yet the County failed to name him as a party.[2] For the following reasons, we affirm.

## *Background*

¶2 The County leased an airplane hangar to Meixensperger. The lease contained the following relevant provisions:

> **Lessee** shall pay annual rent in a lump sum on or before January 30th of each contract year at the rate of **$350.00 annually**. All rental amounts and fees due shall be made payable to Fond du Lac County and shall be remitted to the Finance Department, 160 S. Macy St., Fond du Lac, Wisconsin 54935.
>
> ….
>
> 13. It shall be a default by *LESSEE* if any one or more of the following occurs:
>
>> a) Failure to pay yearly rent as specified in sub. 8 of the Mandatory Lease Clause attached to this lease as Exhibit "A".

Exhibit A provides:

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] According to an affidavit of Schmitz, Schmitz was aggrieved by the judgment of eviction because Meixensperger permitted him to use a portion of the hangar. *See Family Planning Health Services, Inc. v. T.G.*, 158 Wis. 2d 100, 106-07, 461 N.W.2d 794 (Ct. App. 1990); *Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 218, 418 N.W.2d 14 (Ct. App. 1987).

<u>Sub. 8</u>:

> Failure on the part of ***LESSEE*** to pay the rent hereunder within thirty (30) days after same shall become due … shall authorize ***LESSOR***, at its option and without any legal proceedings, to declare this lease void, cancel the same, and re-enter and take possession of the premises.

¶3    On February 15, 2019, the County filed suit seeking to evict Meixensperger. A bench trial was scheduled for May 24, 2019. Prior to the start of trial, during argument on motions, counsel for Meixensperger acknowledged that Meixensperger had not paid the annual lump-sum rent for the year 2019, as required by the lease agreement. Based upon this, the County moved for judgment in its favor. The court granted the motion, stating:

> [T]he lease itself spells out the details that the rent is annual. It's paid in lump sum. It says how it's to be paid, where it's to be paid. It has an address with the finance department. There is no requirement [that the County send Meixensperger a bill]. It says when it's due. So that's the lease.
>
>     ….
>
>     … [The rent] has to be tendered. It has to be submitted.
>
>     … So I really hear no factual reason for trial since the law is clear the duty to pay rent is separate as provided in Sub 8 of the lease as incorporated by Attachment A.

¶4    Meixensperger moved for reconsideration, which motion the court considered but ultimately denied after a hearing. Meixensperger and Schmitz appeal.

### *Discussion*

¶5    The complaint identified five specific violations of the lease agreement and sought a judgment of eviction "to remove [Meixensperger] and any other occupants, as well as his personal belongings, from possession and/or

occupancy of the hangar." While the complaint only specifically identified five violations, it also indicated that the violations were "not limited to" those five.

¶6 Meixensperger admitted at his deposition just over a week before the scheduled court trial that the 2019 rent for the hangar had not been paid. Then the day of the trial, Meixensperger's counsel reaffirmed this, leading to the County moving for judgment of eviction on this basis, which motion the court granted.

¶7 On appeal, Meixensperger and Schmitz raise procedural issues, primarily that the complaint did not identify nonpayment of rent as a specific basis for eviction and the County did not file a written motion seeking judgment on this basis in advance of trial. The County argues that any potential errors were harmless, pointing out that if Meixensperger was unduly surprised by the motion on the day of the scheduled court trial, that surprise was remedied when the court afforded the parties a full opportunity to address the issues upon Meixensperger's motion for reconsideration. We agree.

*Harmless error*

¶8 WISCONSIN STAT. § 805.18(2) titled "Mistakes and omissions; harmless error" provides:

> (1) The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.
>
> (2) No judgment shall be reversed or set aside or new trial granted in any action or proceeding … for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

*See also **Dilger v. Metropolitan Prop. & Cas. Ins. Co.***, 2015 WI App 54, ¶25, 364 Wis. 2d 410, 868 N.W.2d 177 (we will not reverse unless the error affected the substantial rights of a party).

¶9      If in light of the County's pleading and the procedure employed by the circuit court an error occurred, such error ultimately did not affect Meixensperger's substantial rights and thus was harmless.  To begin, had the court, on the day of trial, declined to consider the County's motion for judgment of eviction on the ground that the complaint failed to specify nonpayment of rent as an additional ground for eviction, the County could have simply amended the complaint, and the parties and court would have been in the same position.  *See* WIS. STAT. § 802.09(1); ***Kox v. Center for Oral & Maxillofacial Surgery, S.C.***, 218 Wis. 2d 93, 99-100, 579 N.W.2d 285 (Ct. App. 1998) (a party may amend its complaint once "as a matter of course" within six months of its filing). Furthermore, in their briefing, Meixensperger and Schmitz do not dispute that Meixensperger ultimately was afforded the opportunity to substantively challenge the issue of nonpayment of rent as a basis for eviction, and we do not see how they reasonably could.  The record demonstrates that with the court's consideration of Meixensperger's reconsideration motion, the parties and the court fully vetted the issue.

¶10      We further note that Meixensperger was well aware that rent had not been paid for 2019 and that this was a point of allegation in the County's complaint.  While the County had more specifically raised it in regard to seeking money damages for rent Meixensperger failed to pay while continuing to occupy the hangar, it was nonetheless alleged that the County was entitled to redress and remedy based upon the failure to pay rent as required by the lease.  The fact that the County modified the remedy it sought through its oral motion at the May 24,

2019 hearing—from seeking money damages to seeking eviction based upon the failure to pay rent—ultimately did not affect Meixensperger's substantial rights.

¶11 With regard to their procedural complaint, Meixensperger and Schmitz complain that the circuit court essentially granted the County summary judgment, yet the procedure the court used did not comply with WIS. STAT. § 802.08, which details procedures and timelines for summary judgment motions. We agree that the court effectively granted the County summary judgment; however, we conclude that the fact that the procedures of § 802.08 were not strictly followed is of no moment because Meixensperger's substantial rights were not affected.

¶12 We gain guidance from our decision in *Thompson v. Town of Brooklyn*, No. 2011AP210, unpublished slip op. (WI App Apr. 19, 2012).[3] In *Thompson*, the Town of Brooklyn's "motion that resulted in the judgment was styled as a motion in limine, not as a motion for summary judgment…. However, because the court granted the Town's motion and entered judgment dismissing Thompson's complaint after considering the parties' evidentiary affidavits," we agreed "that the court in effect treated the Town's motion as a motion for summary judgment." *Id.*, ¶11 n.3. We see that as the case here as well. Before the start of the scheduled trial to the court, the County moved for "judgment" based upon an admission from Meixensperger's counsel that the 2019 rent had not been paid for the hangar, as required by the lease. This admission mirrored an admission Meixensperger made during his deposition just over a week prior to

---

[3] WIS. STAT. RULE 809.23(3).

6

trial.[4] Because the court entered judgment for the County prior to trial and did so based upon matters outside of the pleadings themselves, we agree that the court granted the County summary judgment.

¶13    Our review of a circuit court's decision on summary judgment is de novo. *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶11, 318 Wis. 2d 622, 768 N.W.2d 568. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "An issue of fact is genuine if a reasonable jury could find for the nonmoving party." *Nielsen v. Spencer*, 2005 WI App 207, ¶10, 287 Wis. 2d 273, 704 N.W.2d 390. At the summary judgment stage, all facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶23, 241 Wis. 2d 804, 623 N.W.2d 751.

¶14    Because the circuit court decided this matter based upon summary judgment, Meixensperger argues that he is entitled to reversal because not all of the procedures of Wis. Stat. § 802.08 were followed, specifically that a written notice of motion for summary judgment, the motion itself, and supporting documents, were not served twenty days prior to the scheduled hearing. Reversal is not warranted. We again draw upon *Thompson*.

---

[4] Meixensperger was asked: "Do you know if any rent has been paid for hangar 23 in 2019?" He responded: "Not yet."

¶15    In ***Thompson***, the Town's motion in limine, which was treated as a motion for summary judgment, failed to comply with procedural requirements of WIS. STAT. § 802.08. ***Thompson***, No. 2011AP210, ¶29. Thompson argued

> that, even if the court had [the discretion to grant summary judgment based upon the motion in limine], the court could not properly exercise its discretion without giving Thompson notice under § 802.08(2) that the Town's motion would be treated as one for summary judgment. According to Thompson, the court should have set a schedule for summary judgment under which he would have had additional time to make submissions.

***Id.*** Thompson failed to persuade as we stated:

> Even assuming, without deciding, that the circuit court erred by following the procedure it did, we are not persuaded by Thompson's argument because we see no reason to conclude that Thompson's substantial rights were affected by this assumed error. *See* WIS. STAT. § 805.18. The record shows that Thompson submitted evidentiary affidavits and argument opposing the Town's motion and that the circuit court addressed Thompson's evidence and argument. *Cf.* ***Larry v. Harris,*** 2008 WI 81, ¶43, 311 Wis. 2d 326, 752 N.W.2d 279 (suggesting that the concern with a court's sua sponte grant of summary judgment without statutorily required notice is that it deprives parties of the opportunity to submit evidence). Our conclusion on this issue is further supported by the fact that Thompson does not now explain what additional evidence he might have submitted that would have been material to the summary judgment decision.

***Thompson***, No. 2011AP210, ¶30 (footnote omitted). Similar reasoning applies to the case now before us.

¶16    While the circuit court initially granted the County's motion in lieu of starting the scheduled trial, prior to final judgment Meixensperger moved for reconsideration. Through this latter motion, the affidavit accompanying it, briefing associated with it, and the hearing held on it, Meixensperger had the

opportunity to present whatever evidence he wished to present and make any arguments he wished to make.[5]  The circuit court gave thorough consideration to Meixensperger's arguments, affording him the same opportunity he would have had if the County's earlier motion had complied with the requirements of WIS. STAT. § 802.08.

*Estoppel*

¶17    Meixensperger and Schmitz also argue that the County should be equitably estopped from seeking eviction for the nonpayment of rent.  They first assert that the nonpayment should be excused because they believed the County would not have accepted payment from Meixensperger even if he had tendered it and he "was not required to engage in the useless act of trying to pay rent he knew would not be accepted."  Meixensperger states that he "knew" the County would not accept payment of rent from him because it had previously "declared the lease 'terminated' and did not send its annual invoice" "as it had over the past 10 years."  Because Meixensperger and Schmitz develop no legal argument related to how Meixensperger's belief that the County would not accept rent if he had tendered it excuses his failure to tender the funds to the County as required by the lease, we do not consider it.  *See **Wisconsin Conference Bd. of Trs. of United Methodist Church, Inc. v. Culver***, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (we do not address insufficiently developed arguments); *see also **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d

---

[5] As Meixensperger recognizes in his brief-in-chief, along with his motion for reconsideration, he filed an affidavit from Schmitz.  Additionally, "[t]he court entered a scheduling order to allow transcript preparation and briefing.  The county responded with a brief in opposition which included Meixensperger's deposition and an email."

148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

¶18    Meixensperger and Schmitz also argue the County should be estopped from using the nonpayment of rent as a basis for eviction because Schmitz submitted an affidavit indicating he attempted to pay the rent. Again, they develop no legal argument as to how Schmitz's affidavit compels a conclusion that the County should be so estopped. Nonetheless, we give the affidavit consideration.

¶19    In the affidavit, Schmitz states that he had paid the $350 each of the ten years the lease was in effect up until the point of the eviction action. Meixensperger and Schmitz seek estoppel because, according to Schmitz, the County had sent "a bill" for the hangar payment every year and Schmitz would then respond by paying the bill. Schmitz avers that in January 2019, after not receiving the bill for 2019, he "called the County and spoke with one of the clerks." He further avers that this unnamed clerk for "the County" "told me that there was no bill generated and that if there is no bill then nothing is due at that time." Schmitz claims that the "only reason" he did not pay the rent due was because no bill had been sent and he was told "nothing is due at that time."

¶20    On appeal, Meixensperger and Schmitz bear the burden of convincing us the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. That is difficult to do without developing a legal argument. That said, we note that equitable estoppel requires a showing of "(1) action or non-action; (2) on the part of one against whom estoppel is asserted; (3) which induces *reasonable* reliance thereon by the other, either in action or non-

action; (4) which is to the relying party's detriment." *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2006 WI 67, ¶33, 291 Wis. 2d 259, 715 N.W.2d 620 (emphasis added). As related to the case now before us, the key question is whether, in not paying the annual rent due, Meixensperger "reasonabl[y] reli[ed]" on the County's failure to send a bill and on an unidentified person's indication that "nothing [was] due at that time." We conclude that even if Meixensperger was himself aware of and relied upon what "one of the clerks" allegedly told Schmitz, such reliance was unreasonable.

¶21 To begin, Schmitz's affidavit does not aver that Schmitz informed Meixensperger what this "clerk" allegedly stated, identify in what County department this clerk supposedly worked, or give an indication that the clerk had any authority whatsoever with regard to Meixensperger's annual payment pursuant to the lease. The terms of the lease are plain and required Meixensperger to pay $350 annually to the finance department by January 30 of each year. Even if Meixensperger did rely upon the clerk's purported statement, which reliance, again, is not shown by the affidavit, such reliance was unreasonable without any knowledge of who the clerk was and without any assurance that the clerk had authority to unilaterally alter the plain terms of the lease. Meixensperger and Schmitz have not met their burden to demonstrate that the circuit court erred in granting judgment to the County and denying Meixensperger's motion for reconsideration.

¶22 Meixensperger and Schmitz further claim that the County should be estopped because it had not sent Meixensperger a bill for the $350 annual rent as it had done for the previous ten years. We conclude it was unreasonable for Meixensperger to rely upon the County's failure to send him a bill when the plain terms of the lease do not require the County to send him a bill in order to trigger

11

the required payment. Furthermore, to the extent Schmitz had paid the $350 payment every January for the prior ten years, as he avers, it was unreasonable for he or Meixensperger to fail to make the payment simply because the County did not send a bill; it was unreasonable to believe that the payment did not have to be made for 2019 as it had been for the prior ten years. Meixensperger had the only "bill" that ultimately mattered—the terms of the lease—and, again, those terms unambiguously required payment of the rent by January 30.

¶23     Lastly, Meixensperger and Schmitz argue that "the judgment of eviction must be reversed as the County failed to name Schmitz as a necessary party." We are a court of error correction, *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶50, 326 Wis. 2d 729, 786 N.W.2d 78, and we see no error by the circuit court. We note that, despite Schmitz being well aware of the eviction action, appearing at the scheduled court trial, and submitting an affidavit in support of Meixensperger's motion for reconsideration, he never moved the circuit court to intervene and become a party to this action. Had he done so, he could have readily made direct objection to the judgment of eviction. Even when Meixensperger sought a stay of the judgment of eviction and Schmitz appeared with him at the hearing and attempted to sit at counsel's table, Schmitz still failed to move to intervene.

¶24     But even if, as Schmitz claims, he was a "necessary party" pursuant to WIS. STAT. § 803.03(1), as the County points out, any failure to include him in the proceedings was harmless as such failure did not affect his substantial rights. The record conclusively shows that even if Schmitz had been a party, the court still would have properly granted the judgment of eviction for non-payment of rent. Even considering Schmitz's affidavit submitted with Meixensperger's motion for reconsideration, whether Schmitz was a party to the circuit court action

or not, it is undisputed that the rent was not timely paid pursuant to the lease, and we have already addressed that any reliance upon an unnamed county clerk and the County's failure to send a bill was unreasonable.[6]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Meixensperger and Schmitz also assert that the circuit court "lacked personal jurisdiction to evict Schmitz or deny him of his possessory and ownership interests." As Meixensperger and Schmitz fail to develop any legal argument to demonstrate how the circuit court erred in this regard, we do not address this issue. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments." (citations omitted)).