COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP1096-CR**
**2020AP1097-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. **2016CF4867**
**2016CF5142**

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KAMARI ASHUNTI DUNN,

DEFENDANT-APPELLANT.

APPEALS from judgments and orders of the circuit court for Milwaukee County: PEDRO COLON and DAVID L. BOROWSKI, Judges. *Affirmed in part, reversed in part, and cause remanded with directions*.

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kamari Ashunti Dunn challenges his convictions after he pled guilty to two counts of robbery with the use of force and one count of attempted armed robbery, all as a party to a crime. Dunn argues that his trial counsel was ineffective with regard to advice provided to Dunn during the plea bargaining process. The trial court denied Dunn's motion for postconviction relief on that claim without a hearing.

¶2 Additionally, Dunn argues that the trial court erred in reopening the judgment of conviction for a restitution hearing after sentencing with regard to one of the victims, and that his trial counsel was ineffective for failing to object to that. Furthermore, Dunn asserts that the order for restitution for two other victims was also erroneous. The restitution for those two victims was stipulated to at sentencing, but after hearing Dunn's postconviction motion, the trial court ordered a contested restitution hearing as to those victims. Dunn contends that at that hearing, he was not permitted to actually contest restitution for those two victims.

¶3 Upon review, we affirm the trial court's denial of Dunn's claim of ineffective assistance of counsel during the plea bargain process. We further conclude that it was within the trial court's authority to amend the judgment of conviction regarding the restitution ordered for the first victim, and thus Dunn's argument on that issue as well as his related ineffective assistance claim both fail.

¶4 However, the record indicates that Dunn was never afforded the opportunity to contest the restitution amounts ordered for the other two victims at the postconviction restitution hearing. We therefore reverse and remand for a full restitution hearing regarding those victims.

**BACKGROUND**

¶5     The charges against Dunn stem from a string of robberies and other crimes that occurred in various locations in Milwaukee in October 2016. Over the course of approximately one week, Dunn and several co-actors committed crimes against several victims: they attempted to steal vehicles from three victims, and succeeded in stealing the vehicle of a fourth victim. They also used physical force against the victims in committing these crimes. Additionally, they stole personal property from two of the victims, including a purse, a wallet, a cell phone, and a work bag.

¶6     Dunn was apprehended after police attempted to pull over the vehicle he was driving, which had been identified as being involved in the robberies. Dunn led police on a high-speed chase for over fifteen miles on city streets, striking two other vehicles and narrowly missing a pedestrian before coming to a stop. Dunn then fled on foot, but was apprehended and taken into custody.

¶7     For these incidents, Dunn was charged with three counts of robbery with the use of force, as a party to a crime; two counts of second-degree recklessly endangering safety, with one of those counts charged as a party to a crime; one count of attempted armed robbery with the use of force, as a party to a crime; one count of attempt to operate a motor vehicle without consent, as a party to a crime; one count of fleeing an officer; and one count of obstructing an officer.[1]

¶8     These charges were resolved with a global plea agreement. Pursuant to the plea negotiations, Dunn agreed to plead guilty to two counts of robbery with

---

[1] The charges against Dunn were set forth in two separate cases; those cases were consolidated on appeal.

3

the use of force and one count of attempted armed robbery, all as a party to a crime, with the remaining counts in both cases to be dismissed and read in at sentencing. In exchange, the State agreed to recommend a global sentence of nine years of initial confinement followed by nine years of extended supervision. Dunn entered his pleas at a hearing in April 2017; at the subsequent sentencing hearing in August 2017, the trial court[2] followed the State's sentencing recommendation.[3]

¶9    Also at the sentencing hearing, Dunn's trial counsel stipulated on Dunn's behalf to the restitution proposed for two of the victims, G.Z. and K.A. Another victim, B.H., addressed the court during the hearing, but did not request restitution. However, after sentencing, the State requested a restitution hearing for B.H. A contested restitution hearing was held in October 2017, approximately two months after sentencing, where the trial court ordered restitution consistent with B.H.'s request.

¶10    Dunn subsequently filed a postconviction motion in March 2019, raising several claims. He first alleged ineffective assistance of counsel, on the ground that his trial counsel unreasonably advised him to reject a second plea offer from the State. The first plea offer by the State—which Dunn ultimately accepted—included a requirement for guilty or no contest pleas to the three counts with the State recommending an eighteen-year sentence, bifurcated as described above, with the defense free to argue regarding sentence disposition. It also required full restitution to all victims. However, a second plea offer was extended by the State

---

[2] The Honorable Jeffrey A. Wagner took Dunn's pleas, while the Honorable Pedro Colon imposed his sentence. Judge Colon also presided over the restitution hearing in October 2017, and heard Dunn's postconviction motion.

[3] Dunn's term of extended supervision was subsequently reduced, upon a request for review by the Department of Corrections, to comply with statutory limitations.

just prior to sentencing. That offer called for pleas to the same counts, but required a *joint* global sentencing recommendation of seven years of initial confinement followed by seven years of extended supervision, along with full restitution.

¶11     In his postconviction motion, Dunn alleged that he took the first offer because his trial counsel advised him that if counsel was free to argue for a lower sentence—as he was with the first plea offer—he would be able to "talk down the judge" and obtain a sentence that was lower than both the eighteen-year sentence of the first offer and the fourteen-year sentence of the second offer. Dunn claims that this advice was both deficient and prejudicial, thereby constituting ineffective assistance.

¶12     Dunn also sought the vacation of the restitution order for B.H. in his postconviction motion. He asserted that there was no "legal rationale" for the trial court to amend his judgment of conviction to include that order for restitution, and that his trial counsel's failure to object to this also constituted ineffective assistance of counsel.

¶13     Additionally, Dunn sought a hearing relating to the restitution ordered for G.Z. and K.A. at the sentencing hearing. Dunn contends that his trial counsel never discussed the issue of restitution with him, and was therefore ineffective for stipulating to the same at sentencing.

¶14     The trial court rejected Dunn's claim regarding the advice provided by trial counsel relating to the plea offers. The court found the basis for this claim too speculative, in that there was no guarantee that the court would have accepted the fourteen-year recommendation even with a joint recommendation from both parties. The court also rejected Dunn's claim that the restitution award for B.H.

5

should be vacated, stating that it was within the court's inherent power to amend Dunn's sentence with that additional restitution order.

¶15     However, the trial court granted a **Machner**[4] hearing on Dunn's claim of ineffective assistance of counsel regarding trial counsel's stipulation to the restitution ordered for G.Z. and K.A.  At that hearing, held in June 2019, the court concluded that there was not a clear indication that counsel had discussed those restitution requests with Dunn prior to stipulating to them at sentencing.  Therefore, the court determined that Dunn was entitled to a contested restitution hearing for the restitution requested for G.Z. and K.A.

¶16     That postconviction restitution hearing was held in November 2019.[5] After a brief argument by the State, and an even shorter argument by the defense, the trial court found that the amounts being requested were reasonable and that Dunn had the ability to pay.  The court deemed Dunn's argument to be "disingenuous" and determined that he simply did not want to pay restitution because he was a "bad actor."  Therefore, the court ordered restitution for G.Z. and K.A. in the same amounts that were ordered at sentencing.

¶17     This appeal follows.

## DISCUSSION

*Ineffective Assistance of Counsel Relating to the Plea Offers*

¶18     We first address Dunn's claim that he received ineffective assistance of counsel with regard to the advice he received from trial counsel relating to the

---

[4] *See* **State v. Machner**, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

[5] The Honorable David L. Borowski presided over this restitution hearing.

two plea offers presented by the State. Our analysis of an ineffective assistance of counsel claim involves the familiar two-pronged test: the defendant must show that his trial counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prove constitutional deficiency, the defendant must establish that counsel's conduct falls below an objective standard of reasonableness." *State v. Love*, 2005 WI 116, ¶30, 284 Wis. 2d 111, 700 N.W.2d 62. "To prove constitutional prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (citations and one set of quotation marks omitted).

¶19    The court "need not address both components of this inquiry if the defendant does not make a sufficient showing on one." *State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854. "The ultimate determination of whether counsel's performance was deficient and prejudicial to the defense are questions of law which this court reviews independently." *State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

¶20    Dunn seeks a *Machner* hearing for his ineffective assistance of counsel claim, as required for such claims "to preserve the testimony of trial counsel." *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). However, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). Rather, the trial court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. If, on the other hand, the postconviction motion "does not

7

raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. *Id.*, ¶9.

¶21 The trial court denied Dunn's motion on his ineffective assistance claim relating to his pleas without a hearing. The court rejected Dunn's argument that his trial counsel's advice to accept the plea offer with the longer sentence was "unreasonable *per se*" as being "too speculative[.]" The court explained that there was no guarantee that it would have accepted the joint recommendation of fourteen years had it been presented by the State and the defense as a "united front"; in fact, the court pointed out that at the sentencing hearing, it had remarked that "it could not in good conscience impose anything less than the State's nine[-]year recommendation based on the facts and circumstances of this case."

¶22 We agree that Dunn is not entitled to a ***Machner*** hearing on this ineffective assistance claim. Defense counsel has "the right and duty to recommend a plea bargain if he or she feels it is in the best interests of the accused," and predictions by trial counsel as to sentencing outcomes will not support a claim of ineffective assistance. *See **State v. Provo***, 2004 WI App 97, ¶¶17-18, 272 Wis. 2d 837, 681 N.W.2d 272. The advice Dunn's trial counsel gave him regarding the plea offers was based on counsel's belief that the ability to argue for a lesser sentence was a better strategy to employ in this case, and "[c]ounsel's decisions in choosing a trial strategy are to be given great deference," *see **State v. Balliette***, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334, even when in "hindsight we are able to conclude that an inappropriate decision was made or that a more appropriate decision could have been made," *see **State v. Felton***, 110 Wis. 2d 485, 502, 329 N.W.2d 161 (1983).

8

¶23 Furthermore, a defendant's challenge to counsel's representation must be based on "more than speculation" that the outcome of the proceeding would have been different. *See* **State v. Leighton**, 2000 WI App 156, ¶38, 237 Wis. 2d 709, 616 N.W.2d 126. Here, the trial court found that even if Dunn's trial counsel "had performed at sentencing in the manner suggested by [Dunn]," the sentence would have been the same. *See* **State v. Giebel**, 198 Wis. 2d 207, 219, 541 N.W.2d 815 (Ct. App. 1995). Based on this finding, as well as our review of the record, we conclude that even if there was a deficiency in his counsel's performance, Dunn has not demonstrated prejudice. *See id.* Therefore, his claim of ineffective assistance regarding the plea offers fails. *See* **Smith**, 268 Wis. 2d 138, ¶15.

*Restitution Order for B.H.*

¶24 Dunn next argues that the trial court erred when it reopened his judgment of conviction, post-sentencing, to order restitution for B.H. The State argues that Dunn forfeited this argument because he did not object to the restitution hearing for B.H., held approximately two months after the sentencing hearing.[6] We agree. *See* **State v. Ndina**, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (failure to object during trial proceedings "constitutes a forfeiture of the right on appellate review").

¶25 However, we also conclude that Dunn's argument has no merit. In Wisconsin, court-ordered restitution is a statutory requirement. *See* WIS. STAT.

---

[6] Although the State uses the term "waiver" in its argument, we note that it is actually asserting that Dunn forfeited this argument. *See* **State v. Ndina**, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (although "forfeiture" and "waiver" are sometimes used "interchangeably, the two words embody very different legal concepts": forfeiture is "'the failure to make the timely assertion of a right,'" while waiver is "'the intentional relinquishment or abandonment of a known right'" (citation omitted)).

9

§ 973.20(1r) (2019-20).[7]  For our review of this issue, we apply this statute to the undisputed facts surrounding this issue, which is a question of law that we review *de novo*.  *See* ***Kox v. Center for Oral & Maxillofacial Surgery, S.C.***, 218 Wis. 2d 93, 99, 579 N.W.2d 285 (Ct. App. 1998).

¶26    Specifically, WIS. STAT. § 973.20(1r) requires courts to "order full or partial restitution … to any victim of a crime 'unless the court finds substantial reason not to do so and states the reason on the record.'"  *See* ***State v. Ziegler***, 2005 WI App 69, ¶11, 280 Wis. 2d 860, 695 N.W.2d 895 (citation omitted).  Indeed, "Wisconsin courts have repeatedly held that 'restitution is the rule and not the exception,' and 'should be ordered whenever warranted.'"  ***State v. Wiskerchen***, 2019 WI 1, ¶22, 385 Wis. 2d 120, 921 N.W.2d 730 (citations omitted).  Furthermore, a sentence that "fails to provide for restitution is unlawful and is subject to amendment."  ***Ziegler***, 280 Wis. 2d 860, ¶11.

¶27    Moreover, a trial court "has inherent power to change and modify its judgment even after a defendant has begun to serve a criminal sentence."  ***State v. Borst***, 181 Wis. 2d 118, 123, 510 N.W.2d 739 (Ct. App. 1993).  Therefore, we conclude that the trial court did not err in holding the restitution hearing for B.H. after sentencing and amending Dunn's judgment of conviction to include that order for restitution.

¶28    Based on this conclusion, Dunn's claim that his trial counsel was ineffective for failing to object to the post-sentencing restitution hearing fails as well.  *See* ***State v. Allen***, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245 ("It is well-established that trial counsel could not have been ineffective for failing to make

---

[7] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

meritless arguments.")  Therefore, he is not entitled to a ***Machner*** hearing on this issue.  *See **Allen***, 274 Wis. 2d 568, ¶9.

*Restitution Order for G.Z. and K.A.*

¶29     The final issue on appeal involves the restitution ordered for G.Z. and K.A.  The trial court ordered a contested restitution hearing after Dunn successfully argued in his postconviction motion that his trial counsel had not discussed restitution with him prior to stipulating at the sentencing hearing to the amounts sought by the State for G.Z. and K.A.

¶30     However, the record for that postconviction restitution hearing—held in November 2019, as previously noted—indicates that Dunn was not actually provided an opportunity to contest the restitution for G.Z. and K.A.  The entire transcript for the hearing was only five pages, excluding the cover page and the certification page, and Dunn's argument, as made by trial counsel, comprises approximately one-half of a page.  Essentially, counsel was able to assert that Dunn contested the amounts sought as well as his ability to pay, but was not permitted to develop and present arguments on these issues.

¶31     A restitution order is a discretionary decision of the trial court. ***Wiskerchen***, 385 Wis. 2d 120, ¶37.  Therefore, we may reverse such a decision "only if the trial court applied the wrong legal standard or did not ground its decision on a logical interpretation of the facts."  *See **id.*** (citation omitted).

¶32     We also observe, however, that WIS. STAT. § 973.20(13)(a) requires that the trial court, in making a restitution determination, "*shall* consider" all of the following factors:

11

**1.** The amount of loss suffered by any victim as a result of a crime considered at sentencing.

**2.** The financial resources of the defendant.

**3.** The present and future earning ability of the defendant.

**4.** The needs and earning ability of the defendant's dependents.

**5.** Any other factors which the court deems appropriate.

*See id.* (emphasis added).

¶33     Based on the transcript of that restitution hearing, we are unable to conclusively ascertain that the trial court considered all of these factors—specifically, those relating to the defendant and his ability to pay—since the trial court did not permit any argument or testimony relating to those factors prior to rendering its decision.   Therefore, the trial court did not properly exercise its discretion for the restitution orders for G.Z. and K.A.

¶34     As a result, we reverse the restitution orders for G.Z. and K.A., and remand this matter for another contested hearing in which *both parties* are provided the opportunity to present arguments relating to the statutory factors of WIS. STAT. § 973.20(13)(a) for consideration by the trial court.   All other judgments and orders of the trial court are affirmed.

*By the Court.*—Judgments and orders affirmed in part, reversed in part, and cause remanded with directions.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.

12